# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Michael Outley, | ) |
| | ) |
| Plaintiff, | ) Case No.: 17 cv 8633 |
| | ) |
| v. | ) Honorable Gary Feinerman |
| | ) District Judge |
| The City of Chicago, a municipal corporation, and Robert Mussen, | ) |
| | ) Honorable Beth Jantz |
| | ) Magistrate Judge |
| Defendants. | ) |

## **DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION FOR JUDICIAL NOTICE**

Defendants, City of Chicago and Robert Mussen ("Defendants") through their attorneys, respond to Plaintiff's motion for judicial notice at state the following in support of their motion:

On September 15, 2022 and eight days before trial, Plaintiff filed a 40-page motion asking the Court to take of judicial notice of 20 exhibits. The sole purpose of Plaintiff's Motion is to circumvent this Court's ruling on Defendants' Motion for Dismissal for Lack of Prosecution. ECF No. 292. As a result of Plaintiff's failure to participate in preparing a final pretrial order, the Court limited Plaintiff's ability to use exhibits that were not either part of Defendants' Final Pretrial Order or contemplated by Defendants' motions *in limine*. ECF No. 292, 303, and 308. Because he cannot seek to admit these exhibits into evidence, Plaintiff now asks the Court to take judicial notice of these exhibits.

Due to Plaintiff's conduct in filing this motion, Defendants are effectively being penalized for Plaintiff's failure to timely file any motions *in limine* and failure to participate in the creation of the final pretrial order. Instead of continuing to prepare for trial, Defendants are now forced to brief issues that should have been addressed in August and were substantively resolved during the pre-trial conference. Buried in Plaintiff Motion for Judicial Notice (starting on page 33) is discussion regarding the prejudice to Defendants (which Plaintiff confusingly interpolates with FRE 403),

which is nothing more than asking the Court to reconsider its previous rulings regarding Plaintiff's failure to participate in the creation of the Final Pretrial Order. ECF No. 305, pp.33-40. Defendants have been prejudiced, as expressed in their previously filed Motion to Dismiss for Lack of Prosecution (ECF No. 292). And this Court has recognized at the Final Pretrial Conference that Defendants have been prejudiced. However, Plaintiff continues to insist that because some of Plaintiff's exhibits were produced and that potential witnesses were mentioned throughout the course of litigation that Defendants were not prejudiced by his last-minute tactics. ECF No. 305, p.34, n.1. However, it is not Defendants' job to prepare Plaintiff's case-in-chief. Because Plaintiff failed to participate in this case by filing motions *in limine* or the creation of a proposed final pretrial order, Defendants were unable to adequately prepare their defenses as the Defendants had no idea what Plaintiff witnesses, evidence, jury instructions, stipulated facts, or damages that Plaintiff would allege based on the nearly decade of litigation Plaintiff has dragged the City of Chicago through.

While the Local Rule 16.1 does not explicitly provide a deadline for requesting judicial notice, the 16.10(a) form of final pretrial order (which is appended to the Standing Order Establishing Pretrial Procedure) provides (ignoring the obvious mechanism for the parties to exchange exhibit lists and objections) that parties are to discuss stipulations and submit them as part of the proposed final pretrial order. In addition, Plaintiff could have addressed these issues regarding the admissibility of documents through motion *in limine.* Instead of availing himself of these timely avenues to bring forward exhibits, Plaintiff would rather continue to down the road of trial-by-ambush through a haphazardly cobbled together 40-page *de facto* motion to reconsider that rehashes the same exhibits (and frequently the same arguments) contemplated in Plaintiff's motions *in limine.*

Regarding judicial notice, Federal Rule of Evidence 201(b) provides that: "the court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from

2

sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is an adjudicative device that substitutes the acceptance of a universal truth for the conventional method of introducing evidence. *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (citing *York v. American Tel. & Tel. Co.*, 95 F.3d 948, 958 (10th Cir.1996); *Wesley–Jessen Div. of Schering Corp. v. Bausch & Lomb Inc.*, 698 F.2d 862, 865 (7th Cir.1983)). Courts should strictly adhere to the criteria established by the Federal Rules of Evidence before taking judicial notice of pertinent facts. *Lysengen on behalf of Morton Buildings, Inc. Leverage Emp. Stock Ownership Plan v. Argent Tr. Co.*, 498 F. Supp. 3d 1011, 1017 (C.D. Ill. 2020) (citing *Gen. Elec. Cap. Corp.,* 128 F.3d at 1081).

Notably, Plaintiff does not seek to admit facts, but rather exhibits. But courts may only take judicial notice of facts not subject to reasonable dispute—for instance, the date that a particular filing was due, *see Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012), or the time of the sunset on a specific night, *see Owens v. Duncan*, 781 F.3d 360, 362 (7th Cir. 2015). *Fuller v. Dart*, No. 19-CV-01914, 2022 WL 971998, at *4 (N.D. Ill. Mar. 31, 2022). Plaintiff's request to admit 20 exhibits wholesale through judicial notice flies in the face of this limited carve out set forth by FRE 201(b).

Plaintiff's exhibits for which he now seeks admittance, by way of judicial notice, can be broken down into a few categories: summary judgment rulings (Exhibits A-F), OIG reports (Exhibits G-H), right to sue letters (Exhibits I-L), the City's EEO policies (Exhibit M-N), record of Cook County Criminal Case no. 13120440201 (Exhibit O), newspaper articles (Exhibits P-R), Mr. Outley's employment record, including disciplinary proceedings, promotions, and applications for promotions. (Exhibit S), and City of Chicago, Lexington Pumping Station, "Do Not Drink the Water" order on July 17, 2017 (Exhibit T).

Plaintiff first asks to the Court to take judicial notice of several court rulings, referred to by Plaintiff as Exhibits A-F. It should be noted that Plaintiff only submitted one of these court rulings (Exhibit A, *Abreu*) in his version of the Final Pretrial Order. ECF No. 301. As this Court pointed

3

out in its Summary Judgment ruling, that the Court does not vouch for the facts alleged in Plaintiff's Motion for Summary Judgement, but must assume that they are true. *Outley v. City of Chicago*, No. 17 C 8633, 2021 WL 4745393, at *1 (N.D. Ill. Oct. 12, 2021) (citing *Gates v. Bd. of Educ. of Chi.*, 916 F.3d 631, 633 (7th Cir. 2019)). Plaintiff now asks for the Court to not only vouch for these facts of this case (Exhibit F), but the facts of other cherry-picked, irrelevant cases and instruct the jurors that they must accept these facts as true. This is improper. As Plaintiff recognized in his brief that "indisputability is a prerequisite," the facts in this case as well as the other cases that Plaintiff wishes to have judicially noticed are disputed. Moreover, courts generally cannot take notice of findings of fact from other proceedings for the truth asserted therein because these findings are disputable and usually are disputed. *Gen. Elec. Cap. Corp.,* 128 F.3d at n.6 (7th Cir. 1997). In addition, *Green v. Franklin Nat'l Bank of Mineapolis* is from the 8th Circuit and not within this Court's territorial jurisdiction. *Green v. Franklin Nat'l Bank of Minneapolis*, 459 F.3d 903, 911 (8th Cir. 2006).

Plaintiff seeks to admit, *via* judicial notice, Exhibits G and H, which are OIG reports. These were also subject to Defendants' motion *in limine* 8, which the Court found are not admissible to prove the truth of their contents. ECF No. 308, p.5. Plaintiff did not dispute that that these OIG reports were hearsay in his Response and only argued that Plaintiff could use these reports for other purposes. ECF No. 289, p.17. In addition to these documents being hearsay, OIG reports are often subject to dispute. Departments do not have follow the disciplinary recommendations of the OIG reports and employees can challenge discipline enacted. *See* Municipal Code of Chicago § 2-56-065.

Plaintiff asked the Court to take judicial notice of these Right to Sue Letters in his motion *in limine* number 10. (ECF No. 294-1, p.5), which the Court subsequently struck and denied Plaintiff's request for leave to file it. (ECF No. 298). The Court should deny this attempted end run around the effects of its prior orders. Additionally, the documents themselves undercut Plaintiff's stated intention for introducing the documents. Plaintiff asserts that the letters are "the best proof that the

4

environment was objectively hostile." (ECF. No. 305, p.23). However, Right to Sue Letters are not proof that harassment occurred, only that Plaintiff filed charges with the EEOC and that the EEOC closed its files on Plaintiff's request and issued him a Right to Sue Letter. In fact, Letters I-K specifically states "This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious" and Letter L was issued at Plaintiff's request.

Plaintiff also seeks to admit the City of Chicago's Equal Employment Policies and Practices issued in 2013 and Equal Employment Policies and Practices issued in 2019 (Exhibits M and N). First, apart from judicial notice, the City's EEO Polies and Practices from 2019 are not relevant: Plaintiff retired in 2017. Second, Defendants proposed the City's EEO Policy as an exhibit. ECF No. 291, p.2. Had he participated in the proposed final pretrial order process, Plaintiff would have realized this.

Next, Plaintiff argues that a case summary from case number 13120440201 should be admitted by way of judicial notice. Defendants did not address this issue in their motions *in limine* and thus this document should be barred per the Court's ruling at the Final Pretrial Conference. ECF No. 292, 303, and 308. Plaintiff wishes to have this case summarily admitted as it is "direct evidence of hostile work environment" in this case. ECF No. 305, p.26. But this incident occurred in 2013 and was adjudicated in Plaintiff's previous case. *See Outley I*, 13-cv-01583, ECF No. 204, p.28. This event also transpired before Defendant Mussen even worked at Lexington Water Plant with Plaintiff. Accordingly, this Court's ruling to Defendants' motion *in limine* 4 should function to bar the introduction of evidence related to the criminal matter. (ECF No. 308, pp.3-4). In addition, Plaintiff falsely represents that criminal changes were pressed by "one of his supervisors." ECF No. 305, p.26. Plaintiff is well aware that Mr. Houlihan did not have any authority over Plaintiff and both he and Plaintiff had the same job title. 13-cv-01583, ECF No. 204, p.28.

5

Plaintiff also seeks to admit newspaper articles, Exhibits P-R. These articles were subject to Defendants' motion *in limine* 5, where Defendants argued that these newspaper articles were hearsay (amongst other arguments). ECF No. 286. Plaintiff conceded that these newspaper articles are hearsay by not addressing Defendants' hearsay arguments in his Response, but rather stating they can be introduced other purposes. This Court granted Defendants' motion "insofar as it seeks to prevent Plaintiff from using the articles to establish the truth of the allegations or occurrences described therein." ECF. No. 308, p.5 (citing Fed. R. Evid. 801(c)). By requesting the Court to take judicial notice of these newspaper articles, Plaintiff is now essentially asking for these to be admitted into evidence for the truth of the matter of asserted. Even Plaintiff acknowledges this is improper and cites to (and quotes) *Copper*, which explicitly states "it would be improper to take judicial notice of the contents of the articles for their truth because the truthfulness of the reports is not something 'capable of accurate and ready determination'" *Copper Market Antitrust Litigation v. J.P. Morgan Chase*, MDL DOCKET No. 1303, 02-C0707-C, 2-4 (W.D. Wis. Aug. 20, 2003); ECF No. 305, pp.29-30. Because newspaper articles can be reasonably questioned, Plaintiff should not be allowed to admit newspaper articles through judicial notice in accordance with this Court's motion *in limine* ruling. Also, photographs (Exhibit Q) are not facts. Plaintiff does not provide any caselaw to support the contention that photographs are facts of which the Court can take judicial notice.

Plaintiff argues that the Court should take judicial notice of Mr. Outley's employment record, including disciplinary proceedings, promotions, and applications for promotions (Exhibit S). Defendants are not unable address this argument as Plaintiff failed to identify which documents Plaintiff is referring to. Plaintiff failed to attach Exhibit S to the notice of this motion. ECF No. 306. Since Plaintiff referred to this "composite exhibit" in his separately filed proposed final pretrial order, Defendants have reached out to Plaintiff's counsel and requested the Bates-stamp numbers to

6

these documents, but, consistent with the trial-by-ambush approach, Plaintiff's counsel refused to provide them. *See* ECF No. 311, n.2.

Plaintiff seeks to admit City of Chicago, Lexington Pumping Station, "Do Not Drink the Water" order on July 17, 2017 (Exhibit T). This was not addressed in Defendants' motion *in limine*. Accordingly, this should be barred pursuant to this Court's ruling that limited Plaintiff's ability to use exhibits that were not either part of Defendants' Final Pretrial Order or contemplated by Defendants' motions *in limine*. ECF No. 292, 303, and 308.

For these reasons, Defendants respectfully request this Court deny Plaintiff's Motion for Judicial Notice.

Dated: September 20, 2022

Respectfully submitted,

Office of the Corporation Counsel of the City of Chicago

City of Chicago – Department of Law
Employment Litigation Division
2 N. LaSalle St., Ste 640
Chicago, IL 60602
(312) 744-8369 | (312) 742-4045
Scott.crouch@cityofchicago.org
John.Catalano2@cityofchicago.org

By: */s/ Scott M. Crouch*
Scott M. Crouch
Counsel for Defendant Mussen

By: */s/ John M. Catalano, Jr.*
John M. Catalano, Jr.
Counsel for Defendant City of Chicago

Assistants Corporation Counsel